UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN BETTE YOUNG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MR. COOPER MORTGAGE, )<br>)<br>Defendant. ) | Civil Action No. 1:25-cv-01837 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants the IFP Application and, for the reasons discussed below, it dismisses this matter for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a resident of the District, sues a single Defendant, Mr. Cooper Mortgage, an entity headquartered in Texas. *See* Compl. at 1–2. Plaintiff's Complaint is quite spare, alleging only that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g, arising from unspecified "past payments on an illegal debt." *See id.* at 3–4. She demands $75,000 in damages. *Id.* at 4. No other context or details are provided.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and

determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As here, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Iqbal,* 556 U.S. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79; *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc*., 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff's Complaint offers *less* than threadbare allegations and recitations.

The Court acknowledges that Plaintiff has also filed a "Motion for Verification of Debt" ("Mot."), ECF No. 3, that provides at least *some* supplemental facts, but if those facts are offered to support her claims, they must be included in the Complaint itself, *see* Fed. R. Civ. P. 3, 7(a), 8(a). In any event, and even if these additional facts were so included, they do not assist in making Plaintiff's claims cognizable. In the Motion, Plaintiff demands that Defendant validate a debt within 30 days, to prove that Defendant is "in fact the Note Holder in Due Course and has standing as a party of interest in this Promissory Note," and it is "in fact a Creditor in this loan/security instrument." *See* Mot. ¶¶ 2, 5–6. Plaintiff is apparently suspicious that "Defendant has stolen

Plaintiff['s] Security/Promissory Note and deceived Plaintiff into believing a debt was owed from the Promissory note." *See id*. ¶ 5.

No substantive details regarding this security/promissory note are provided, including the nature of Defendant's alleged wrongdoing, more specifically, where, why, how, or when it occurred. Nor does Plaintiff attach a copy of the security/promissory note or any other related documents, if any. Even if these details were clearer, Plaintiff has fallen short. As background, the FDCPA requires a debt collector, within five days of the initial communication with the consumer, to send the consumer a written notice containing certain information, unless such information was contained in the initial communication. 15 U.S.C. § 1692g(a). Among other things, the notice must include the amount of the debt owed, the name of the creditor and a statement that the consumer has 30 days to dispute the debt, and, that absent a timely dispute, the debt will be presumed valid. *See id*. To dispute the debt, the consumer must notify the debt collector in writing that

> the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

*Id.* § 1692g(b). If the debt collector receives such timely notice of dispute, it "shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." *Id.* § 1692g(a)(4), (b).

Here, assuming *arguendo* that Defendant is, by definition, a debt collector, and the Plaintiff is, by definition, a consumer, Plaintiff fails to allege that Defendant initiated contact with her, within the meaning of the statute or otherwise, *see Carlisle v. Stellar Recovery, Inc*., 222 F. Supp.

3d 91, 94 (D.D.C. 2016) (dismissing § 1692g claims for failing to identify an initial communication); *ValleCastro v. Bendett & McHugh, P.C.*, No. 14-cv-1796, 2015 WL 5797023, at *9 (D. Conn. Sept. 30, 2015) (same); *Oliver v. U.S. Bancorp*, No. 14-cv-8948, 2015 WL 4111908, at *4 (S.D.N.Y. July 8, 2015) (dismissing § 1692g claims where the plaintiffs failed to allege any "initial communication" from the defendant, and noting that the defendant's submissions in the foreclosure action cannot constitute initial communications), or that she ever formally notified Defendant of her dispute, *see Barnes v. Capital One Financial Corporation*, No. 23-cv-182, 2023 WL 6606026, at *6 (S.D. Ohio, Oct. 10, 2023) (citing *Wolfe v. Bank One Corp.*, 433 F. Supp. 2d 845 (N.D. Ohio 2005) (dismissing §1692g claims due to the plaintiff's failure to establish that she provide statutory notice of her dispute)), *R&R adopted*, 2023 WL 9271174 (S.D. Ohio, Oct. 30, 2023); *Obanya v. Select Portfolio Servicing, Inc.*, No. 14-cv-5255, 2016 WL 11265648, at *4 (E.D.N.Y. Aug. 23, 2016) (dismissing §1692g claims where the plaintiff failed to "allege that she disputed the debt in writing within the 30-day timeframe set by the statute. The absence of such allegations is ground for dismissal.") (citations omitted), *R&R adopted*, 2017 WL 253483 (E.D.N.Y. Jan. 20, 2017); *Agu v. Rhea*, No. 09-cv-473, 2010 WL 5186839, at *5 (E.D.N.Y. Dec. 15, 2010) (dismissing §1692g claims because the plaintiff failed to allege that he properly and timely waged his debt dispute "within the thirty day time window that Section 1692(b) provides. Without such factual pleading, it [was] entirely speculative, and not "plausible," that Plaintiff ha[d] a cognizable claim. After all, for all the Court kn[ew], Plaintiff could have made only untimely verification requests, which the Collection Defendants then properly ignored."). Plaintiff is obligated to send Defendant notice of her dispute as prescribed in the statute, providing it actual notice, because otherwise, the "FDCPA does not impose upon a debt collector any duty to investigate independently the validity of the debt." *Jacques v. Solomon & Solomon P.C.*, 886 F.

Supp. 2d 429, 433 (D. Del. 2012) (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006)) (collecting other cases). There is no indication that Plaintiff, within her 30-day window, sent a copy of the Motion for Verification, filed in the instant matter, to Defendant, nor would that, standing alone, comply with the statutory notice of dispute requirement. *See* 15 U.S.C. § 1692g(b).

Simply put, because Plaintiff does not allege "an initial communication from [Defendant]," and does not allege that she "submitted her dispute letter in the appropriate time period under the statute," if at all, "or describe any efforts that [Defendant] has made to collect upon the debt in question," she has has "not alleged a violation of section 1692g," or a violation of any other provision of the FDCPA. *See Hayword v. SW Credit Syst.*, No. 23-cv-3234, 2024 WL 169570, at *5 (E.D. Pa. Jan. 16, 2024) (citing *Tauro v. Asset Acceptance*, No. 12-00418, 2012 WL 2359954, at *3 (W.D. Pa. June 20, 2012) (dismissing claim as implausible because "[t]he Plaintiff does not allege that, nor does he aver facts to suggest that, the Defendants provided (or failed to provide) either an initial communication or validation notice containing the information required by law. In order to state a valid FDCPA claim, the Plaintiff must do so."); *Valderrama v. BBVA Compass*, No. 21-cv-01776, 2021 WL 6065825, at *3 (N.D. Tex. Nov. 22, 2021), *R&R adopted*, 2021 WL 6063618 (N.D. Tex. Dec. 21, 2021) (dismissing FDCPA claim where, *inter alia*, "Plaintiff also fails to assert any facts indicating that he properly disputed or sought validation of the debt")); *McGagh v. Equifirst Corporation*, No. 19-cv-01185, 2020 WL 433864, at *3 (D. Md. Jan. 28, 2020) (dismissing § 1692g claims where the complaint bore no facts "by which the Court could infer [that the defendant] failed to issue the proper communications, or that [the plaintiff] disputed a particular debt within the thirty-day window. Instead, the Complaint baldly assert[ed] that non-descript communications went unanswered."); *Robinson v. DeVille Asset Mgmt.*, No. 18-cv-5773,

2019 WL 2354988, at *1 (N.D. Ga. Mar. 20, 2019) (finding that the plaintiff's § 1692g claims did "not contain sufficient factual material to state a plausible claim for relief" where he alleged that the defendants attempted to collect a debt "before 'verifying' that he owned the debt" and he also alleged "that he mailed [the defendants] a 'claim dispute,'" but he did not provide any "factual detail about his mailing of a 'claim dispute' and the responses, if any[.]"), *R&R adopted*, 2019 WL 2344215 (N.D. Ga. Apr. 08, 2019); *Davis v. Tulsa Adjust. Bureau*, No. 16-cv-00494, 2017 WL 11905441, at *3 (N.D. Tex. Jan. 27, 2017) (despite the plaintiff's "focus on Defendants' alleged failure to validate the debts," he failed to state a claim because he did "not alleged any initial communication from either defendant, nor . . . alleged that he sent his validation request within 30 days of receiving such communication, as required by statute."); *Franklin v. Bww Law Group, LLC*, No. 16-cv-0455, 2016 WL 2756576, at *7 (D. Md. May 12, 2016) (finding that the plaintiff's "conclusory allegations concerning Defendant's alleged failure to verify and validate the debt are insufficient to state a claim under the FDCPA."); *4405 Bay Valley Family Land Trust v. Hughes Watters Askanase, LLP*, No. 13-cv-2545, 2013 WL 12100780, at *7 (N.D. Tex. Dec. 10, 2013) (finding that the plaintiff did not allege "sufficient factual allegations to state a claim for relief under the FDCPA" where he "for the most part, merely recite[d] the elements under the statute," and alleged only generally that Defendant "never validate[d] the alleged debt," and that he had "sent a certified letter of the alleged debt being disputed."), *R&R adopted*, 2014 WL 772953 (N.D. Tex. Feb. 27, 2014); *Ethridge v. Countrywide Home Loans, Inc.*, No. 12-cv-10705, 2012 WL 5389694, at *3 (E.D. Mich. Oct. 16, 2012) (dismissing § 1692g claims because the plaintiff did not adequately establish an initial communication by the defendant or if the defendant was a debt collector within the meaning of the FDCPA.), *R&R adopted*, 2012 WL 5389343 (E.D. Mich., Nov. 2, 2012); *Gonzalez v. HomeQ Servicing*, No. 09-cv-00951, 2010 WL 289303, at *5 (E.D. Cal.

January 15, 2010) (finding that the plaintiff's FDCPA claims failed to meet *Iqbal's* pleading requirements due lack of allegations of fact); *Crowder v. HSBC Mortgage Services, Inc.*, No. 10-cv-2785, 2011 WL 13319001, at *7–8 (N.D. Ga. Mar. 7, 2011) (finding same and dismissing with prejudice for failure to state a claim and for failure to meet the pleading requirements of Federal Rule 8(a)) (collecting cases), *R&R adopted*, 2011 WL 13319034 (N.D. Ga. May 9, 2011).

Finally, "the term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Defendant is a mortgage loan and refinance servicer, *see id*. ¶¶ 2–3; Compl. at 2, but generally, mortgage servicers are not considered "debt collectors" and do not engage in "debt collection activity" by executing on a security interest, because they are not attempting to collect debts owed or due or asserted to a third-party. *See, e.g., Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 477 (2019) (holding that creditor enforcing a security interest in foreclosure proceedings, is not a "debt collector" subject to the main coverage of the FDCPA); *Warren v. Countrywide Homes*, Inc., 342 Fed. App'x 458, 460 (11th Cir. 2009) (per curiam) ("the plain language of the FDCPA supports the district court's conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g" and "an enforcer of a security interest, such as a mortgage company foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)" (internal citations omitted)); *Acosta v. Campbell*, No. 04-cv-761, 2006 WL 3804729, at *4 (M.D. Fla. Dec. 22, 2006) ("[n]early every court that has addressed the question

has held that foreclosing on a mortgage is not a debt collection activity for the purposes of the FDCPA") (collecting cases), *aff'd*, 309 Fed. Appx. 315 (11th Cir. 2009) (per curiam), *cert. denied*, 558 U.S. 817 (2009); *see also McDevitt v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 160, 167–68 (D.D.C. 2013) (finding that the FDCPA does not apply to creditors and also noting that "the Court has not found, any case in which a plaintiff was permitted to use an FDCPA violation as a predicate for a claim for wrongful foreclosure under District of Columbia law."). Without more, Plaintiff has failed to establish that Defendant is a debt collector as for purposes of the FDCPA.

For all of these reasons, this case is dismissed without prejudice for failure to state a claim. Plaintiff's Motion for Verification of Debt, ECF No. 3, is denied without prejudice. A separate order accompanies this memorandum opinion.

Date:  August 7, 2025                    _____/s/_____
                                          JIA M. COBB
                                          United States District Judge